# **EXHIBIT 1**

A true and correct copy of an undocketed May 23, 2012 letter to the Honorable George B. Daniels and the Honorable Naomi Reice Buchwald requesting transfer of the Euroyen TIBOR Litigation for coordinated proceedings with the U.S. Dollar LIBOR Litigation

**SIMPSON THACHER & BARTLETT LLP**
425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE: (212) 455-2502

DIRECT DIAL NUMBER
212-455-3040

E-MAIL ADDRESS
trice@stblaw.com

May 23, 2012

Re: <u>*Laydon v. Mizuho Bank, Ltd. et al.*, No. 12-cv-3419</u>

The Honorable George B. Daniels
The Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Dear Judges Daniels and Buchwald:

      We represent Defendant JPMorgan Chase Bank N.A. ("JPMorgan") in the above-referenced action. Defendants[1] write to respectfully request that the above-referenced action be transferred from Judge Daniels to Judge Buchwald as a related case to the consolidated U.S. Dollar LIBOR multidistrict litigation, *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 11 MD 2262 ("USD LIBOR Litigation"), pending before Judge Buchwald. As detailed below, this action satisfies the related case criteria set forth in Rule 13 of the Southern District Rules for the Division of Business Among District Judges. While this action is based on the alleged manipulation of the Yen LIBOR and Euroyen TIBOR rather than the U.S. Dollar LIBOR that is at issue in the USD LIBOR Litigation, both involve similar causes of action and legal theories that are purportedly supported by similar allegations. In addition, the plaintiff in this action has an action that already has been consolidated in the USD LIBOR Litigation, which action was brought by the same counsel. Moreover, eleven of the Defendants in this action also have been named as defendants in the USD LIBOR Litigation. Thus, the transfer of this action to Judge Buchwald for coordinated proceedings with the USD LIBOR Litigation will promote the interests of justice and efficiency.

      In making this request, Defendants do not seek to have this action consolidated with any of the class or individual actions that are part of the USD LIBOR Litigation because

---

[1] We write on behalf of JPMorgan and the following additional defendants: (i) The Bank of Tokyo-Mitsubishi UFJ, Ltd.; (ii) Citibank NA; (iii) The Royal Bank of Scotland Group PLC; (iv) Deutsche Bank, AG; (v) The Norinchukin Bank; (vi) Barclays Bank PLC; (vii) HSBC Holdings PLC; (viii) Lloyds Banking Group PLC; (ix) Société Générale; (x) Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A. (incorrectly named as "Rabobank Group"); and (xi) BNP Paribas S.A. (collectively, "Defendants"). By submitting this letter, Defendants do not waive, and expressly reserve, all defenses, including the defenses of insufficiency of service of process and lack of personal jurisdiction.

SIMPSON THACHER & BARTLETT LLP

Honorable George B. Daniels
Honorable Naomi Reice Buchwald    -2-    May 23, 2012

there are important differences between the litigations, including a different putative class, somewhat differing groups of defendants and, as noted above, different interest rates.

**Background**

On April 27, 2011, Plaintiff Jeffrey Laydon commenced a putative class action – *Laydon v. Credit Suisse Group AG et al.*, 11-cv-2824 ("*Laydon I*") – alleging that the defendants violated the Sherman Act, Commodity Exchange Act ("CEA") and certain state laws by manipulating U.S. Dollar LIBOR. As in this case, the law firm of Lowey Dannenberg Cohen & Hart PC ("Lowey Dannenberg") serves as Mr. Laydon's counsel in *Laydon I*.

In August and September 2011, the Judicial Panel on Multidistrict Litigation transferred *Laydon I* and fourteen other similar individual and putative class actions to Judge Buchwald for coordinated pre-trial proceedings with six U.S. Dollar LIBOR-related actions filed in this Court. Ex. A (10/18/11 Buchwald Order) at 1 & n.1. On October 18, 2011, Judge Buchwald held that two separate putative classes should be maintained in the coordinated class actions for (i) plaintiffs who purchased U.S. Dollar LIBOR-based financial instruments directly from defendants in the over-the-counter market ("OTC Plaintiffs") and (ii) plaintiffs who purchased U.S. Dollar LIBOR-based financial instruments on an exchange ("Exchange Plaintiffs"). *Id.* at 5. Thereafter, Lowey Dannenberg moved to be appointed as interim lead counsel for the Exchange Plaintiffs. On November 29, 2011, Judge Buchwald denied Lowey Dannenberg's motion and appointed two other firms as interim co-lead counsel for the Exchange Plaintiffs. Ex. B (11/29/11 Buchwald Order) at 8-9. With Judge Daniels' consent, Judge Buchwald subsequently agreed to accept the transfer of a twenty-first putative class action that was pending before Judge Daniels – *Van De Velde v. Bank of America Corp.*, No. 11 Civ. 6120 – as a related case to the USD Dollar LIBOR Litigation and consolidated that action with the other putative class actions. Ex. C (12/22/11 Buchwald Order) at 1.[2]

On March 1, 2012, Judge Buchwald conducted a hearing in the USD LIBOR Litigation at which Judge Buchwald agreed, *inter alia*, to accept as a related case a twenty-second putative class action – *Gelboim v. Credit Suisse Group AG*, 12 Civ. 1025 – and appointed counsel in that action to serve as interim lead counsel for a third putative class in the consolidated class actions: plaintiffs who purchased debt securities that paid an interest rate linked to U.S. Dollar LIBOR ("Debt Securities Plaintiffs").

Pursuant to Judge Buchwald's Scheduling Order, the plaintiffs in the three putative class actions and three individual actions filed amended complaints on April 30, 2012. The amended complaints allege that the defendants in the USD LIBOR Litigation violated the

---

[2] On May 21, 2012, Mr. Van De Velde voluntarily dismissed his claims without prejudice.

SIMPSON THACHER & BARTLETT LLP

Honorable George B. Daniels
Honorable Naomi Reice Buchwald    -3-    May 23, 2012

Sherman Act, CEA, RICO and certain state laws by manipulating U.S. Dollar LIBOR between 2007 and 2010.[3] On the same day, Lowey Dannenberg commenced the instant action on behalf of Mr. Laydon alleging that the defendants violated the Sherman Act, CEA and certain states laws by manipulating Yen LIBOR and Euroyen TIBOR between 2006 and 2010 ("*Laydon II*").

### *Laydon II* Is A Related Case To The USD LIBOR Litigation

Under this District's Standing Rules, a civil case is related to another civil case, and thus should be transferred for coordinated proceedings, when the "interests of justice and efficiency will be served." Rules for the Division of Business Among District Judges, Rule 13(a). In conducting the relatedness inquiry, judges in this District consider whether "(i) a substantial saving of judicial resources would result; or (ii) the just, efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served." *Id. Laydon II* clearly meets all three of these criteria.

*First*, the transfer of *Laydon II* to Judge Buchwald for coordinated proceedings with the USD LIBOR Litigation will undoubtedly result in a substantial saving of judicial resources because it will avoid having two separate judges consider and decide a number of very similar legal, factual and procedural issues, which, in addition to wasting judicial resources, presents the risk of inconsistent rulings on substantially the same issues. For example, the *Laydon II* complaint and the amended complaints in the USD LIBOR Litigation allege the following same causes of action: (i) manipulation in violation of the CEA; (ii) vicarious liability for manipulation in violation of the CEA; (iii) aiding and abetting violations of the CEA; (iv) unlawful conspiracy in violation of the Sherman Act; and (v) unjust enrichment.[4] In addition, the *Laydon II* complaint and the amended complaints in the USD LIBOR Litigation rely on similar allegations – including many of the same press reports, SEC filings, court proceedings and regulatory investigations – to support their legal claims and theories.[5] Consequently, any motions to dismiss the *Laydon II* complaint and the complaints in the USD LIBOR Litigation will likely raise similar arguments challenging the adequacy of the pleadings. If the cases move beyond the motion

---

[3] Interim lead counsel for the Exchange Plaintiffs did not list Mr. Laydon as a named plaintiff in the amended complaint "based on an analysis of standing and adequacy . . . ." Ex. D (5/11/12 Letter) at 4 n.6.

[4] *Compare Laydon II* Compl. ¶¶ 110-26, 131-35, *with* Exchange Plaintiffs' Am. Compl. ¶¶ 228-53; OTC Plaintiffs' Am. Compl. ¶¶ 220-30; Debt Securities Plaintiffs' Am. Compl. ¶¶ 205-11; *Schwab Money Market* Am. Compl. ¶¶ 214-20, 269-76; *Charles Schwab Bank* Am. Compl. ¶¶ 201-07, 256-63; *Schwab Short-Term Bond* Am. Compl. ¶¶ 202-08, 257-64.

[5] *Compare Laydon II* Compl. ¶¶ 15-23, 76-97, *with* Exchange Plaintiffs' Am. Compl. ¶¶ 3, 5, 46-47, 133-80; OTC Plaintiffs' Am. Compl. ¶¶ 2, 5, 52-53, 139-85; Debt Securities Plaintiffs' Am. Compl. ¶¶ 2, 4, 68-69, 121-65; *Schwab Money Market* Am. Compl. ¶¶ 2, 5, 41-42, 120-67; *Charles Schwab Bank* Am. Compl. ¶¶ 2, 5, 37-38, 116-63; *Schwab Short-Term Bond* Am. Compl. ¶¶ 2, 5, 37-38, 116-63.

SIMPSON THACHER & BARTLETT LLP

Honorable George B. Daniels
Honorable Naomi Reice Buchwald   -4-   May 23, 2012

to dismiss stage, there may also be overlap in discovery issues and objections relating to the scope of discovery in both litigations given that the complaints rely on similar allegations to purportedly support the plaintiff's claims. Thus, if *Laydon II* is not transferred, two separate judges will have to expend their limited time and resources considering and deciding a number of similar legal, factual and procedural issues. Such an outcome would run counter to the goals sought to be achieved by the multidistrict and related case procedures.

*Second*, the transfer of *Laydon II* to Judge Buchwald for coordinated proceedings with the USD LIBOR Litigation will advance the just, efficient and economical conduct of both litigations because, as noted above, the alleged causes of action and allegations supporting these causes of action are similar. In addition, there is an overlap in the parties because *Laydon I*, which was consolidated in the USD LIBOR Litigation, and *Laydon II* were brought by the same plaintiff using the same counsel and because eleven of the Defendants in *Laydon II* have also been named as defendants in the USD LIBOR Litigation.[6] Moreover, the transfer of *Laydon II* should not greatly increase the burden on Judge Buchwald because the litigations involve similar causes of action and allegations and many of the same parties represented by the same counsel. Furthermore, the transfer of *Laydon II* will in no way prejudice Mr. Laydon, who already has an action before Judge Buchwald as part of the USD LIBOR Litigation, or the other plaintiffs in the USD LIBOR Litigation.

*Third*, the transfer of *Laydon II* to Judge Buchwald for coordinated proceedings with the USD LIBOR Litigation would serve the convenience of the parties and witnesses because, as noted above, there is a considerable overlap in the parties.

Based on the foregoing, Defendants respectfully request that *Laydon II* be transferred to Judge Buchwald for coordinated, but not consolidated, proceedings with the USD LIBOR Litigation.

We thank Your Honors for your consideration of this request and are available to address any questions that Your Honors may have.

Respectfully submitted,

Thomas C. Rice

cc:   Counsel for *Laydon II* Plaintiff and Defendants

---

[6] These Defendants are: (i) JPMorgan; (ii) The Bank of Tokyo-Mitsubishi UFJ, Ltd.; (iii) The Royal Bank of Scotland Group PLC; (iv) Deutsche Bank, AG; (v) UBS AG; (vi) The Norinchukin Bank; (vii) Barclays Bank PLC; (viii) Citibank, NA; (ix) Lloyds Banking Group PLC; (x) Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A (incorrectly named as "Rabobank Group"); and (xi) HSBC Holdings PLC.