# EXHIBIT 3

A true and correct copy of an undocketed June 4, 2012, from defendants JPMorgan Chase, Barclays, RBS, *et al.* responding to Lowey Dannenberg's opposition to transfer the Euroyen TIBOR Litigation.

SIMPSON THACHER & BARTLETT LLP
425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE: (212) 455-2502

DIRECT DIAL NUMBER
212-455-3040

E-MAIL ADDRESS
trice@stblaw.com

June 4, 2012

Re: *Laydon v. Mizuho Bank, Ltd. et al.*, No. 12-cv-3419

The Honorable George B. Daniels
The Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Dear Judges Daniels and Buchwald:

      We write in response to Plaintiff's May 25, 2012 letter opposing Defendants'[1] request that this action be transferred to Judge Buchwald for coordinated, but not consolidated, proceedings with the USD LIBOR Litigation.[2]

      Plaintiff does not seriously dispute that the "interests of justice and efficiency will be served" by the transfer of this action to Judge Buchwald for coordinated proceedings with the USD LIBOR Litigation. S.D.N.Y. Rules for the Division of Business Among District Judges, Rule 13(a). Similarly, Plaintiff does not seriously dispute that this action satisfies this District's criteria for the transfer of related cases for coordinated proceedings because, as detailed in Defendants' May 23 letter, the transfer of this action to Judge Buchwald will result in (i) "a substantial saving of judicial resources;" (ii) "the just, efficient and economical conduct of the litigations;" and (iii) "the convenience of the parties or witnesses [being] served." *Id.*

      Instead, Plaintiff argues that this action should not be transferred because the allegations, causes of action and parties in both litigations are not completely identical.

---

[1] We write on behalf of JPMorgan and the following additional Defendants: (i) The Bank of Tokyo-Mitsubishi UFJ, Ltd.; (ii) Citibank NA; (iii) The Royal Bank of Scotland Group PLC; (iv) Deutsche Bank AG; (v) The Norinchukin Bank; (vi) Barclays Bank PLC; (vii) HSBC Holdings PLC; (viii) Lloyds Banking Group PLC; (ix) Société Générale; (x) Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A. (incorrectly named as "Rabobank Group"); (xi) BNP Paribas S.A.; (xii) UBS AG; (xiii) Credit Agricole CIB; and (xiv) Mitsubishi UFJ Trust and Banking Corp. By submitting this letter, Defendants do not waive, and expressly reserve, all defenses, including the defenses of insufficiency of service of process and lack of personal jurisdiction. All defined terms used herein have the same meaning ascribed to them in JPMorgan's May 23, 2012 letter.

[2] Plaintiff agrees that this action should not be consolidated with the USD LIBOR Litigation should it be transferred to Judge Buchwald. *See* May 25, 2012 Letter from Lowey Dannenberg at 1 n.1 ("Opp. Letter").

BEIJING   HONG KONG   HOUSTON   LONDON   LOS ANGELES   PALO ALTO   SÃO PAULO   TOKYO   WASHINGTON, D.C.

SIMPSON THACHER & BARTLETT LLP

Honorable George B. Daniels
Honorable Naomi Reice Buchwald    -2-                    June 4, 2012

However, Rule 13(a) does not require that actions pending before different judges be completely identical in order for the actions to be transferred as "related" to a single judge for coordinated proceedings. *Id.* Moreover, while there are important differences between this action and the USD LIBOR Litigation, these litigations are sufficiently similar to warrant the transfer of this action to Judge Buchwald under Rule 13(a). For instance:

- five of the seven causes of action alleged in this action are also asserted in the USD LIBOR Litigation;

- the complaint in this action and the amended complaints in the USD LIBOR Litigation rely on similar allegations – including many of the same press reports, SEC filings, court proceedings and regulatory investigations – to support their legal claims and theories;[3]

- eleven of the defendants in this action have also been named as defendants in the USD LIBOR Litigation;[4] and

- Plaintiff brought a prior action that has been consolidated in the USD LIBOR Litigation.

Courts in this District have transferred actions for coordinated proceedings under similar circumstances. *See, e.g., E.E.O.C. v. Bell Atlantic Corp.*, No. 99 Civ. 5197(WK), 1999 WL 959362, at *1 (S.D.N.Y. 1999) (transferring case to district judge presiding over another action because the "case involve[d] *similar* parties and legal issues (emphasis added)).[5]

---

[3] Plaintiff has indicated that this action and the USD LIBOR Litigation both "involve allegations of false reports for the purpose of manipulating key interest rates . . . ." Opp. Letter at 1.

[4] Plaintiff mistakenly relies on *Rochester Laborers Pension Fund v. Monsanto Co.* for the proposition that the transfer of an action for coordinated proceedings with another action is improper whenever the litigations do not involve an identical group of defendants. In *Rochester Laborers Pension Fund*, the court denied a motion to consolidate or, alternatively, transfer for coordinated proceedings a securities class action and shareholder derivative action because granting such a motion "would likely delay proceedings and lead to confusion and inefficiency" given that "[t]he two cases have different procedural and substantive requirements." No. 4:10CV1380 CDP, 2010 WL 3842549, at *1 (E.D. Mo. Sept. 28, 2010). The court also denied the motion because it "might result in inconvenience or even unfair prejudice to some parties" given that the cases "name[d] different defendants." *Id.* Here, Plaintiff has not asserted, let alone shown, how the transfer of this action for coordinated proceedings with the USD LIBOR Litigation will result in delay, confusion or inefficiency in either case or prejudice any party.

[5] *Cf. In re Checking Account Overdraft Litig.*, 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009) ("While there will be some unique questions of fact from bank-to-bank, these actions share sufficient factual questions relating to industry-wide bank . . . policies and procedures to warrant centralization of all actions in one MDL docket."); *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 543 F. Supp. 2d 1376, 1378 (J.P.M.L. 2008) (transferring cases into multidistrict litigation despite argument that cases alleged unique state law claims); *In*

SIMPSON THACHER & BARTLETT LLP

Honorable George B. Daniels
Honorable Naomi Reice Buchwald  -3-        June 4, 2012

   Plaintiff also asserts that Defendants' transfer request should be denied because the procedural postures of this action and the USD LIBOR Litigation are supposedly "very different." Opp. Letter at 4. This assertion is baseless because both actions are in their early stages. In the USD LIBOR Litigation, defendants' motions to dismiss will not be filed until the end of June 2012 and will not be fully briefed until the end of September 2012. Like the USD LIBOR Litigation, this action will likely be subject to a motion to dismiss raising similar substantive issues because the complaint in this action asserts many of the same causes of action and relies on similar allegations to support these causes of action. Moreover, Judge Buchwald can employ a number of pretrial techniques to ensure the just, efficient and economical conduct of the litigations.[6]

   Finally, the outdated cases cited by Plaintiff are inapposite and readily distinguishable. *See In re Eli Lilly & Co.(Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 243-44 (J.P.M.L. 1978) (denying multidistrict transfer motion because transfer "would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of [the] litigation" given that there were "few actions" involved, the "common factual questions [were not] sufficiently complex" and "accompanying discovery [would not] be so time consuming as to justify [a multidistrict] transfer"); *In re Nat'l Gas Liquids Regulation Litig.*, 434 F. Supp. 665, 668 (J.P.M.L. 1977) (denying multidistrict transfer motion because it "would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the actions" given that no party supported transfer and "the principal aspect which [the] actions [had] in common" was a single legal question which had already been decided in certain actions).[7]

---

*re Katz Interactive Call Processing Patent Litig.*, 481 F. Supp. 2d 1353, 1355 (J.P.M.L. 2007) ("Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer."); *In re Rembrandt Techs. LP, Patent Litig.*, 493 F. Supp. 2d 1367, 1369 (J.P.M.L. 2007) (same).

[6] *See, e.g., In re Checking Account Overdraft Litig.*, 626 F. Supp. 2d at 1335 ("The ... transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation."); *In re Katz Interactive Call Processing Patent Litig.*, 481 F. Supp. 2d at 1355 ("The transferee court will be able to formulate a pretrial program that allows any unique discovery in these actions to proceed concurrently on separate tracks with discovery on common issues . . . ."); *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 543 F. Supp. 2d at 1378 (same).

[7] *See also In re Envtl. Prot. Agency Pesticide Listing Confidentiality Litig.*, 434 F. Supp. 1235, 1236 (J.P.M.L. 1977) (denying multidistrict transfer motion because it "would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the actions" given that "the predominant, and perhaps only, common aspect in [the] actions is a legal question of statutory interpretation"); *In re Sugar Indus. Antitrust Litig.*, 399 F. Supp. 1397, 1399-1400 (J.P.M.L. 1975) (denying multidistrict transfer motion because "it would not promote [the] just and efficient conduct of the litigation" given that plaintiffs' proposal would "eliminate the possibility that any party, except [one], will be subjected to duplicative discovery"); *In re IBM Antitrust Litig.*, 328 F. Supp. 509, 511 (J.P.M.L. 1971) (denying multidistrict transfer motion because the

SIMPSON THACHER & BARTLETT LLP

Honorable George B. Daniels
Honorable Naomi Reice Buchwald      -4-      June 4, 2012

       We thank Your Honors for your consideration of this request and are available to address any questions that Your Honors may have.

Respectfully submitted,

*Thomas C. Rice /fAA*

Thomas C. Rice

cc:     Counsel for *Laydon II* Plaintiff and Defendants

---

parties "deny that any degree of duplicitous discovery is likely to occur" but indicating that transfer motion could be renewed "if it becomes certain that extensive duplicative discovery will be required").